**WESTCHESTER MANAGEMENT CORPORATION, d/b/a Salem Park Nursing Home, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.**

No. 91–3162.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 24, 1991.

Decided Nov. 5, 1991.

Richard Goldberg (briefed), Columbus, Geoffrey E. Webster (argued and briefed), Columbus, Ohio, for plaintiff-appellant.

Donette D. Wiethe, Asst. U.S. Atty., Cincinnati, Jonathan R. Siegel (argued and briefed), U.S. Dept. of Justice, Civil Div. Appellate Staff, John F. Daly, U.S. Dept. Justice, Washington, D.C., for defendant-appellee.

Before MARTIN and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

Westchester Management Corporation d.b.a. Salem Park Nursing Home ("Westchester Management") appeals the district court's dismissal of its action against the United States Department of Health and Human Services. The district court determined that it lacked subject-matter jurisdiction of this action seeking judicial review of a denial of reimbursement for certain facility rental expenses claimed under the Medicare Act. Because we conclude that the district court lacked subject-matter jurisdiction, we affirm.

I.

This appeal from the district court's dismissal of Westchester Management's complaint for lack of subject-matter jurisdiction requires that we "assume all material facts alleged in [Westchester Management's] complaint are true and construe the complaint liberally, giving [Westchester Management] the benefit of any doubt." *Livingston Care Ctr., Inc. v. United States*, 934 F.2d 719, 720 (6th Cir.1991) (citation omitted), *petition for cert. filed*, (Aug. 27, 1991).

Suburban Nursing and Mobile Homes, Inc. ("Suburban") leased the facility known

as Salem Park Nursing Home ("Salem Park") to Westchester Management for ten years, beginning on January 1, 1977. When the parties executed the lease, Suburban and Westchester Management were related by common ownership or control. Under regulations controlling Medicare reimbursement, costs of facilities supplied to a health care provider by an entity related to the provider by common ownership or control were reimbursable only to the extent of the cost to the related entity of the facility supplied to the provider. *See* 42 C.F.R. § 405.427 (1984).[1] Prior to December, 1982, Parke Care Centers, Inc. ("Parke"), which is not related to Suburban by common ownership or control, purchased all of the outstanding shares of Westchester Management, acquiring all of its assets, including its rights under the lease. This transaction occurred prior to the controversy that resulted in this litigation.

Westchester Management receives reimbursement payments, under Part A of the Medicare Act,[2] for health care services provided at Salem Park. During 1986, Community Mutual Insurance Company ("CMI"), the "fiscal intermediary" charged by the government with reviewing Westchester Management's reimbursement claims,[3] notified Westchester Management that it intended to disallow part of Westchester Management's claim for 1984. CMI applied the related-entity regulation to the amounts Westchester Management claimed as rental expense for the Salem Park facility and, for this reason, reduced its reimbursement. The amount CMI disallowed was greater than $1,000 but less than $10,000.

If a health care provider disputes a fiscal intermediary's disallowance of a claim for reimbursement, and the amount in controversy exceeds $10,000 (or $50,000 for the aggregated claims of several providers that alone could not satisfy the $10,000 requirement), then the provider is entitled to appeal the disallowance to the Provider Reimbursement Review Board (the "Board"). *See* 42 U.S.C. § 1395oo(a) and (b). The Medicare Act contains a grant of subject-matter jurisdiction for judicial review of the Board's final decision. *See* 42 U.S.C. § 1395oo(f). When, however, the total amount in controversy is between $1,000 and $10,000, as it is in this dispute, review by the Board is unavailable. Instead, the provider is entitled to a hearing before a fiscal intermediary. *See* 42 C.F.R. §§ 405.-1809, 405.1811, and 405.1817 (1984). Westchester Management obtained such a hearing, and the hearing officer determined that CMI properly disallowed the claim. The hearing officer first noted that, although Westchester Management was not related to Suburban during 1984, the year the expenses that are at issue here were incurred, it *was* related to Suburban when the lease was executed. The hearing officer next looked to the Medicare Provider Reimbursement Manual (the "Provider Manual"), which provides as follows:

> If a provider and a supplier are related by common ownership or control at the time of executing a supply contract, the provider's allowable cost will be governed by the related organization principle throughout the full term of the supply contract, even if the common ownership or control terminates before the end of the contract.

Medicare Provider Reimbursement Manual, HCFA Pub. 15–1, § 1011.2 (12/83). The hearing officer concluded that, because Westchester Management was related to the owner of Salem Park at the time of the

---

1. The current version of this regulation is codified at 42 C.F.R. § 413.17 (1990).

2. "Part A of the Medicare Act provides insurance for hospitalization and post-hospitalization costs. Part B provides supplemental insurance that covers other medical and health services." *Bodimetric Health Servs. v. Aetna Life & Cas.,* 903 F.2d 480, 482 n. 2 (7th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 579, 112 L.Ed.2d 584 (1990).

3. Under 42 U.S.C. § 1395h, the Secretary of Health and Human Services is empowered to contract with "fiscal intermediaries," such as insurance companies, which then review the cost reports submitted annually by the health care providers. The fiscal intermediaries review the reports for compliance with the Medicare Act, the regulations promulgated thereunder, and the directives of the Secretary compiled in the Medicare Provider Reimbursement Manual.

execution of the lease, this instruction of the Secretary contained in the Provider Manual mandated the disallowance. Finally, the hearing officer noted that he lacked the authority to disobey an instruction of the Secretary.

The decision of a hearing officer is final, except that, upon motion of the provider or at its own discretion, the Health Care Financing Administration ("HCFA") may conduct a review of the decision. *See* 42 C.F.R. § 405.1833 (1984). Westchester Management sought and obtained such review by an HCFA review officer, who affirmed the decision. No appeal from the decision of the HCFA officer is available, and the Medicare Act's statutory grant of subject-matter jurisdiction for judicial review extends only to disputes that are finally decided by the Board. Board review, as stated, is available only when the amount in controversy exceeds $10,000 for one provider or $50,000 for a group of similarly aggrieved providers.

After the final decision of the HCFA review officer, Westchester Management filed this suit.[4] It alleged that the application of the related-entity regulation violated the Administrative Procedure Act, the Medicare Act, and the Due Process Clause. The district court dismissed the complaint for lack of subject-matter jurisdiction.

## II.

The Medicare Act contains its own statutory grant of subject-matter jurisdiction. *See* 42 U.S.C. § 1395*oo*(f)(1). This avenue of judicial review is, as stated, open only when there is a final decision by the Board. *See id.* As also noted above, review by the Board is available only when the amount in controversy exceeds $10,000 for one provider or $50,000 for a group of providers. *See* 42 U.S.C. § 1395*oo*(a)(2) and (b). Because the amount in controversy in this dispute is less than $10,000, the district court could not assert subject-matter jurisdiction under 42 U.S.C. § 1395*oo*(f)(1).

Westchester Management does not rely upon 42 U.S.C. § 1395*oo*(f)(1). Instead, it relies only upon 28 U.S.C. §§ 1331 and

1346. The district court determined that the Medicare Act foreclosed the exercise of subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1346. In reaching this conclusion, it first noted that 42 U.S.C. § 1395ii incorporates into the Medicare Act 42 U.S.C. § 405(h), a provision of the Social Security Act. 42 U.S.C. § 405(h) provides as follows:

> The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. *No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.*

42 U.S.C. § 405(h) (emphasis added). The district court determined that, because Westchester Management's claims arise under the Medicare Act, 42 U.S.C. § 405(h) precluded it from exercising subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1346.

This simple and straightforward analysis by the district court forms the background of the parties' dispute. Westchester Management asserts on appeal that its claims arise not under the Medicare Act, but under the Due Process Clause and the Administrative Procedure Act. It contends, therefore, that subject-matter jurisdiction exists under 28 U.S.C. §§ 1331 and 1346. It finds support for its position in *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986).

Westchester Management contends that *Michigan Academy* requires that 42 U.S.C. § 405(h) be construed to preclude only challenges to amount determinations, not challenges to the validity of the Secretary's regulations and instructions. It further asserts that it challenges an instruction of

---

4. Initially, Westchester Management relied on 42 U.S.C. § 1395*oo*(f)(1) for jurisdiction. Later, however, it abandoned that statute as a basis for jurisdiction and asserted 28 U.S.C. §§ 1331 and 1346.

the Secretary contained in the Provider Manual, not an amount determination. Relying on *Michigan Academy*, it claims that subject-matter jurisdiction for this challenge exists under 28 U.S.C. §§ 1331 and 1346.

In response, the government contends that all of Westchester Management's claims arise under the Medicare Act and that the district court could not, under these circumstances, exercise subject-matter jurisdiction over them. The government first notes that the Supreme Court has indicated that the "arising under" language of 42 U.S.C. § 405(h) should be construed broadly. *See Weinberger v. Salfi*, 422 U.S. 749, 760–62, 95 S.Ct. 2457, 2464–65, 45 L.Ed.2d 522 (1975). Accordingly, the government points out, the Supreme Court previously has found that constitutional and statutory challenges to an instruction of the Secretary, such as Westchester Management's challenge here, arise under the Medicare Act. *See Heckler v. Ringer*, 466 U.S. 602, 615, 104 S.Ct. 2013, 2021–22, 80 L.Ed.2d 622 (1984); *cf. Salfi*, 422 U.S. at 761, 95 S.Ct. at 2465. Finally, the government asserts that when Congress expressly creates a forum for judicial review of agency action, as it has here in 42 U.S.C. § 1395*oo*(f)(1), claimants must meet all of the requirements that Congress imposes for access to that forum. *See Ringer*, 466 U.S. at 614–18, 104 S.Ct. at 2021–23. These assertions lead to the government's conclusion that Westchester Management's claims must be deemed to arise under the Medicare Act and that a provider like Westchester Management may obtain judicial review of its claims only under 42 U.S.C. § 1395*oo*(f)(1); 42 U.S.C. § 405(h) precludes subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1346.

The government's argument is correct. Although Westchester Management correctly points out that *Michigan Academy* creates an exception to 42 U.S.C. § 405(h) that allows courts to exercise subject-matter jurisdiction of certain Medicare claims under 28 U.S.C. §§ 1331 and 1346, that exception is inapplicable in this case. As we have previously indicated, the *Michigan Academy* exception applies only when there is no other avenue of judicial review.

*See Good Samaritan Medical Center v. Sec. of Health*, 776 F.2d 594, 597–98 (6th Cir.1985). In *Good Samaritan*, we concluded that the *Michigan Academy* exception was inapplicable because 42 U.S.C. § 1395*oo*(f)(1) provided an avenue of judicial review for the type of claim that the claimants made in that case. *See id.* The same statute, 42 U.S.C. § 1395*oo*(f)(1), provides an avenue of judicial review for the type of challenge that Westchester Management asserts.

We are well aware that we decided *Good Samaritan* prior to the Supreme Court's decision in *Michigan Academy*. In *Good Samaritan*, we relied on our own decision in the *Michigan Academy* case, which was affirmed by the Supreme Court's decision in *Michigan Academy*. *Good Samaritan* remains good law.

Congress has expressly provided for judicial review of the type of claim that Westchester Management asserts, when the claim exceeds the $10,000 amount-in-controversy requirement. Congress created a special procedure by which a provider that, unlike Westchester Management, is entitled to a Board hearing may demand that the Board determine whether it has authority to pass on a relevant legal question, such as the validity of an instruction of the Secretary. If it determines that it lacks authority, the provider may proceed directly to court for judicial review of its legal challenge. *See* 42 U.S.C. § 1395*oo*(f)(1). If we were to accept Westchester Management's construction of *Michigan Academy*—that there is always jurisdiction under 28 U.S.C. §§ 1331 and 1346 for challenges to instructions, rules, and regulations, but not for amount determinations—this special procedure, created by 42 U.S.C. § 1395*oo*(f)(1), would become superfluous.

The better construction requires that Westchester Management pursue the exclusive jurisdictional grant within the Medicare Act. Its claim that it has no avenue of judicial review is meritless; 42 U.S.C. § 1395*oo*(f)(1) provides an avenue of judicial review for the sort of challenge to the validity of the Secretary's instructions that it raises. Westchester Management is,

however, denied access to that avenue because it is unable to meet the amount-in-controversy requirement. There is no contention that Congress lacks the power to limit jurisdiction by prescribing minimum amount-in-controversy requirements.

We determine that subject-matter jurisdiction may not be based on 28 U.S.C. §§ 1331 and 1346. For the foregoing reasons, the district court's dismissal of Westchester Management's complaint is AFFIRMED.